IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LEE LARKO, : <br> : <br> Plaintiff, : <br> : <br> : <br> v. : <br> : <br> USAA LIFE INSURANCE COMPANY and : <br> HERITAGE LABS INTERNATIONAL, : <br> LLC., : <br> : <br> Defendants. : <br> _____ : | Civil Action No. <br> 7:11-cv-23 (HL) |

## ORDER

On February 16, 2011, the Defendant Heritage Labs International, LLC, ("Heritage Labs") filed a notice of removal in this Court asserting that the basis for this Court's jurisdiction is diversity. Consistent with the practices of this Court, the notice of removal and complaint were subject to an initial review to determine whether the jurisdictional requirements have been met. For the following reasons, the Court concludes that Heritage Labs has failed to establish the elements of diversity jurisdiction. It shall have until March 8, 2011 to amend its notice of removal and to cure the jurisdictional defects.

I.  BACKGROUND

The Plaintiff Lee Larko ("Larko") filed suit against the Defendants in the Superior Court of Lowndes County, Georgia on January 13, 2011. Heritage Labs was served with the complaint on January 19, 2011. Larko's complaint alleges

that Larko applied to Defendant USAA Life Insurance Company ("USAA") for a life insurance policy. Larko underwent blood testing as part of the life insurance application process. Heritage Labs tested Larko's blood and mailed the results to USAA's medical director. USAA denied the Larko a life insurance policy because his blood test results showed that Larko was HIV positive. USAA delayed mailing the blood test results to Larko's doctor. Larko subsequently learned that he was not HIV positive. Larko suffered emotional distress. He requests damages in the amount of $70,000.00 for medical bills, loss of earnings, and pain and suffering.

On July 29, 2009, Larko's attorney made a pre-suit settlement demand of $135,000.

## II.  ESTABLISHING DIVERSITY JURISDICTION ON REMOVAL

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case originally filed in state court if the defendant can show federal subject matter jurisdiction. Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties; and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Because this case was originally filed in state court and Heritage Labs removed the case to this Court, Heritage Labs bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper if it is apparent from the face of the complaint

that the amount in controversy exceeds the jurisdictional requirement. Id. However, if the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal. Id. If a plaintiff has not pled a specific amount of damages, then a defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id.

It appears from the notice of removal and the complaint that there exists diversity of citizenship. The amount in controversy element, however, is not satisfied.

### III. AMOUNT IN CONTROVERSY

It is not apparent from the face of the complaint or the notice of removal that the amount in controversy exceeds the jurisdictional requirement. Larko's complaint seeks damages in the amount of $70,000.00, an amount that falls below the amount in controversy.

Further, Larko's demand of $135,000 can be evidence of the amount in controversy, but Heritage Labs has not shown that the demand is an honest assessment of damages, as opposed to mere posturing. See Jackson v. Am. Gen. Fin. Srvs., Inc., 2006 WL 839092, at *2 n. 2 (M.D. Ga. Mar. 27, 2006) (Lawson, J.) (Explaining that a defendant must show the settlement demand was an honest assessment of damages and more than posturing by plaintiff's counsel).

Heritage Labs has not shown to the Court that the amount in controversy

exceeds $75,000 by a preponderance of the evidence.[1]  Since its allegations of jurisdiction are defective, Heritage Labs shall have until March 8, 2011 to cure the jurisdictional defects by filing an amended notice of removal.

**SO ORDERED**, this the 22nd day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] Heritage Labs is required to establish the amount in controversy by a preponderance of the evidence because although Larko demands a specified amount of damages in its complaint, the Court views his settlement demand as indicating that he requests an unspecified amount in damages.